UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
MAPLE TRADE FINANCE, INC.,              :
                                        :
            Plaintiff,                  :     09 Civ. 7457 (JSR)
                                        :
        -v-                             :     MEMORANDUM ORDER
                                        :
LANSING TRADE GROUP LLC,                :
                                        :
            Defendant.                  :
------------------------------------- x

JED S. RAKOFF, U.S.D.J.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-6-10
```

      Defendant Lansing Trade Group LLC, a Delaware limited liability company with its principal place of business in Overland, Kansas, moved, pursuant to 28 U.S.C. § 1404(a), to transfer to the District of Kansas this breach of contract action brought by plaintiff Maple Trade Finance, Inc., a corporation organized under the laws of the Province of Nova Scotia, Canada with its principal place of business in Halifax, Canada. By Summary Order dated November 25, 2009, the Court granted the motion. This Memorandum Order gives the reasons for that ruling and directs the Clerk to transfer the case.

      Under Section 1404(a), a district court has the authority to transfer a civil action to any other federal district court where it might have been brought "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The parties do not dispute that the action could have been brought in the District of Kansas. In determining whether to transfer, courts routinely consider such factors as "(1) convenience of the witnesses;

(2) location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded plaintiff's choice of forum; (9) trial efficiency and the interests of justice, based on the totality of the circumstances." Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp., 11 F. Supp. 2d 729, 730 (S.D.N.Y. 1998). Not all of the factors need be afforded the same weight. Id.

Many of the factors favor transfer of the instant case to the District of Kansas. The lawsuit is essentially a collection action brought by a Canadian company against a Kansas company. See Compl. ¶ 10, 13, 16; Memorandum of Law in Support of Defendant Lansing Trade Group LLC's Motion to Transfer ("Def. Mem."), Ex. 2, Affidavit of Doug Downing in Support of Lansing Trade Group, LLC's Motion to Transfer ("Downing Aff.") ¶ 8. Defendant's Rule 26 initial disclosures state that all of its witnesses and documents are located in Kansas. Reply Memorandum of Law in Further Support of Defendant Lansing Trade Group LLC's Motion to Transfer ("Def. Reply") at 5. While some of plaintiff's documents and witnesses are located in Canada, plaintiff's Rule 26 initial disclosures confirm that no witnesses or documents relevant to this dispute are located in New York. See Def. Mem., Ex.

3. Furthermore, plaintiff conceded at oral argument that none of the activities that gave rise to its claims occurred in this district. See transcript, 11/20/09, at 8. Indeed, it is hard to see what if anything, this lawsuit has to do with New York.

Contrary to plaintiff's assertions of inconvenience to witnesses, see Memorandum of Law in Opposition to Defendant's Motion to Transfer ("Pl. Mem. in Opp.") at 7, travel from Halifax to Kansas is only marginally less convenient to plaintiff than travel from Halifax to New York, and transfer would significantly decrease the inconvenience to defendants' witnesses. See Def. Reply at 4 n.2; Downing Aff. ¶¶ 4-5.

While plaintiff's choice of forum is often entitled to substantial deference, see Gross v. BBC, 386 F.3d 224, 230 (2d Cir. 2004), "the weight normally accorded to plaintiff's choice of forum is diminished substantially where plaintiff has chosen a forum which is neither his home nor the place where the cause of action arose," 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 135 (S.D.N.Y. 1994).

In short, consideration of all relevant factors, including, inter alia, this action's utter lack of connection to the Southern District of New York and its multiple connections to the District of Kansas, make clear that transfer to Kansas is appropriate.

Accordingly, for the foregoing reasons, the Court reconfirms its Order of November 25, 2009 granting defendant's motion to transfer

3

and hereby directs the Clerk of the Court to transfer this case to the District of Kansas.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       January 4, 2010